IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JULIA P. SIMMONS, Executrix of  )
the Estate of Orita Wells       )
Coney,                          )
                                )
     Plaintiff,                 )
                                )   CASE NO. CV418-055
v.                              )
                                )
HARLEYSVILLE INSURANCE COMPANY, )
a/k/a Harleysville Mutual       )
Insurance Company; ON YOUR SIDE )
NATIONWIDE INSURANCE AGENCY     )
INCORPORATED; and SURETY RISK   )
SOLUTIONS, LLC;                 )
                                )
     Defendants.                )

## O R D E R

Plaintiff Julia P. Simmons filed a complaint in the Superior Court of Chatham County that seeks to recover on a bond based on a guardian's breach of fiduciary duty. (Doc. 1, Attach 1.) Defendants subsequently removed the case to this Court. (Id.) However, the jurisdictional allegations contained in the notice of removal are insufficient to establish complete diversity between the parties.

The party invoking this Court's diversity jurisdiction bears the burden of adequately pleading complete diversity between the parties. See 28 U.S.C. § 1332; Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir.

1975)[1] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). For the purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of every state in which any of its members are citizens. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). The Eleventh Circuit Court of Appeals has been explicit in addressing the proper method to allege sufficiently the citizenship of an LLC: "a party must list the citizenships of all the members of the limited liability company." Id. at 1022.

In this case, the notice of removal does not include a list of the individual members, along with their citizenship, of Defendant Surety Risk Solutions, LLC ("Surety"). Rather, the notice[2] of removal simply states that Defendant Surety is "a Pennsylvania limited liability

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.
[2] Defendants' notice states that the correct name for Defendant Surety Risk Solutions, LLC is SR5, LLC. (Doc. 1 ¶ 1 n.2.)

company with its principal place of business in the State of Pennsylvania. No member of [Surety Risk Solutions, LLC] is a citizen of the State of Georgia." (Doc. 1 ¶ 8.) Defendants rely on this allegation, along with Plaintiff being a Georgia citizen and all other Defendants being Ohio citizens, to advance the general conclusion that "the parties are citizens of different states." (Id. ¶ 9.)

However, the general allegation that none of Defendant Surety's members are Georgia citizens is insufficient for Defendants to carry their burden of establishing complete diversity between the parties. See Ray, 519 F.2d at 1082. Accordingly, Defendants are **DIRECTED** to file an amended notice of removal within **fourteen days** from the date of this order. As noted above, the amended notice must properly allege diversity in this case by including the names and citizenships of each member of Defendant Surety, thus allowing the Court to confirm that it possesses jurisdiction to entertain this case.

SO ORDERED this 2ND day of April 2018.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA