# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JULIA P. SIMMONS, executrix of the estate of Orita Wells Coney, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV418-055 |
| HARLEYSVILLE INSURANCE COMPANY, a/k/a Harleysville Mutual Insurance Company, et al. | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the parties' Joint Motion to Compel Discovery, doc. 56, and Supplemental Joint Motion to Compel Discovery, doc. 61. For the following reasons, the motion is **DENIED IN PART AND GRANTED IN PART**.

The parties request that the Court compel a non-party—Mr. Robert Moore—to appear for a deposition. Doc. 56 at 2. The parties indicate that they have served Mr. Moore with a subpoena at least once, and he has still failed to appear. *Id.* at 4. They believe that Mr. Moore will only appear for a deposition upon order of the Court. *Id.* The motion has

been served upon Mr. Moore, and he has not provided any information to the Court to address his failure to comply with the subpoenas.

The Court lacks the authority to order a non-party like Mr. Moore to appear for a deposition pursuant to Fed. R. Civ. P. 37(a)(3)(B). As an initial matter, Fed. R. Civ. P. 37(a)(3)(B) gives the Court authority to compel a discovery response if:

> (i) a deponent fails to answer a question asked under Rule 30 or 31;
> (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
> (iv) a party fails to produce documents or fails to respond that inspection will be permitted - - or fails to permit inspection - - as requested under Rule 34.

None of these situations applies to Mr. Moore as he is neither a party, a corporation or other entity, nor has he been asked any questions under Rule 30 or Rule 31. Fed. R. Civ. P. 45 does provide for some sanctions for a party who "fails without adequate excuse to obey the subpoena or an order related to it." Namely, the Court may hold that person in contempt. *Id. See Patel v. Bhakta*, 2015 WL 12159208, *4 (N.D. Ga. Apr. 29, 2015) (recognizing that Rule 45(g) provides that the Court "may hold in contempt a person who, having been served, fails without adequate

excuse to obey the subpoena or an order related to it."); *see also* Advisory Committee Notes to the 2013 Amendment ("[I]t would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena . . . Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command. Disobedience of such an order may be treated as contempt."). Accordingly, the Court issues the following order.

- Mr. Moore is **DIRECTED** to appear at a subpoenaed deposition to be held no later than thirty days from the date of this order or else face the risk of being held in civil contempt.
- The parties shall serve with the subpoena a copy of this Order explaining that a failure to appear at the subpoenaed deposition may result his being held in civil contempt of court.
- If Mr. Moore refuses to attend this final deposition, the parties may file a motion for contempt within five days of the noticed deposition.

- Mr. Moore shall have five days from the date that motion is served upon him to respond and **SHOW CAUSE** why he should not be held in contempt at that time.

**SO ORDERED,** this 9th day of October, 2019.

_/s/ Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA